Michael G. ROBITAILLE

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 14, 1983.

Decided Dec. 6, 1983.

Berman, Simmons, Laskoff & Goldberg, William D. Robitzek (orally), Lewiston, for plaintiff.

James E. Tierney, Atty. Gen., James Bowie, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

VIOLETTE, Justice.

In this appeal, petitioner, Michael G. Robitaille, seeks review of a judgment of the Superior Court, Androscoggin County, denying his petition for review of governmental action brought under M.R.Civ.P. 80B and affirming the decision of the Administrative hearing officer who found petitioner to be an habitual offender. 29 M.R.S.A. §§ 2292 and 2294 (Supp.1981).[1] Petitioner contends, as he did before the Superior Court, that the administrative decision is null and void because the procedure used in determining his habitual offender status violated his right to due process of law under the constitutions of the United States and Maine. U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6–A. Petitioner further contends that, even if the form of the administrative hearing comported with law, the evidence relied upon by the hearing officer was insufficient to support the conclusion that petitioner is an habitual offender. Finding no merit to either claim, we affirm the judgment of the Superior Court.

By notice dated January 25, 1982, the Motor Vehicle Division of the Department of State ("Department" or "Secretary") informed petitioner that, pursuant to 29 M.R.S.A. § 2293 (Supp.1981),[2] his license to operate a motor vehicle was revoked because his driving record as maintained by the Department brought him within the statutory definition of an habitual offender.[3] The notice

---

**1.** References to the habitual offender law in this opinion are made to the 1981 Supplement to 29 M.R.S.A., because it contains the law as it existed at the time petitioner was declared an habitual offender. Parts of the habitual offender statutes were amended by P.L. 1981, ch. 679, §§ 47–55 (effective April 15, 1982), but the amendments do not affect the disposition of the present appeal.

**2.** Section 2293 provides:

The Secretary of State shall revoke, without preliminary hearing, the license, permit or privilege to operate a motor vehicle of any

person defined as an habitual offender as set forth in section 2292.

**3.** 29 M.R.S.A. § 2292 (Supp.1981) states the definition of an habitual offender. Section 2292 provides in pertinent part:

An habitual offender is any person, resident or nonresident, whose record as maintained in the office of the Secretary of State, shows that the person has accumulated ... within a 5-year period ...

[t]hree or more convictions or adjudications, singularly or in combination, of any of the following separate and distinct offenses arising out of separate acts:

stated that petitioner had accumulated three convictions for separate motor vehicle offenses committed within a five year period. The offenses consisted of two convictions for driving to endanger and one conviction for operating under the influence of intoxicating liquor. The notice advised petitioner that he had a right to challenge the Secretary's determination at an administrative hearing. By letter, petitioner's attorney requested a hearing which stayed the imposition of the revocation. 29 M.R.S.A. § 2294(1) (Supp.1981). Petitioner's name and operator's license number were stated by his attorney in the request for hearing. Petitioner's hearing was held on July 7, 1982.

A hearing officer from the Department of State presided at the administrative hearing. Petitioner, although notified, did not attend. The only person who appeared and participated in the hearing was petitioner's attorney.

At the hearing, the officer advised petitioner's counsel of the limited purpose of the proceeding as stated in 29 M.R.S.A. § 2294(2) (Supp.1981) and in the notice of revocation received by his client.[4] The officer also read into the record and considered as evidence the contents of three exhibits. The exhibits consisted of certified copies of three abstracts of convictions maintained in the Secretary of State's office. The abstracts indicated that Michael G. Robitaille had been convicted twice of driving to endanger and once of operating under the influence of intoxicating liquor. The abstracts indicated further that all three of-

fenses had been committed on different days within a five year period. At no time during the administrative hearing did petitioner's attorney claim or offer evidence that his client was not the same person named in the Department's revocation notice or that his client had not been convicted of the offenses listed on the notice or stated in the abstracts. Based on the record evidence of convictions, the hearing officer found petitioner to be an habitual offender and revoked his operator's license by decision dated July 30, 1982.

■■■ Petitioner claims that he did not receive a fair hearing because the hearing officer acted in the dual capacity of prosecutor and judge, in violation of his right to due process of law. Petitioner insists that he could have received a fair hearing only if a "prosecutor" from the office of the Attorney General had investigated and presented the State's case. In evaluating petitioner's contention, we are guided by the requirement that administrative agencies adhere to the "fundamentals of fair play" when structuring and following administrative hearing procedures. *In Re Maine Clean Fuels, Inc.,* 310 A.2d 736, 746 (Me.1973). We conclude that petitioner's right to due process was not violated under the facts of the instant case. The hearing officer neither "prosecuted" petitioner nor "investigated" the State's case against him.

Initially, we observe that the Maine Administrative Procedure Act applies to a hearing requested by one who has been defined as an habitual offender by the Secretary of State.[5] 29 M.R.S.A. § 2293 (Supp.

. . . . .

B. Operating or attempting to operate while under the influence of intoxicating liquor or drugs or with a blood-alcohol level of 0.10% or more;
C. Driving or operating a motor vehicle in a reckless manner or in such a manner as to endanger any person or property;

. . . . .

4. Section 2294(2) provides:
    Issues. If after hearing, the Secretary of State or his deputy finds that the person is not the same person named in the transcript or abstract and that the person's record does

not bring him within the definition of an habitual offender, as set forth in section 2292, then the revocation shall be rescinded, but if the Secretary of State finds that the person is the same person named in the transcript or abstract and that the person's record brings him within the definition of an habitual offender, then the Secretary of State or his deputy shall find the person to be an habitual offender and the revocation shall be invoked.

5. Sections 9051–64 of the Maine Administrative Procedure Act apply to an "adjudicatory proceeding" as that term is defined in 5 M.R.

**314**

1981). The Act allows an agency such as the Department of State to authorize any agency member, employee or agent to act as a presiding officer at any agency hearing. 5 M.R.S.A. § 9062(1) (1979). The hearing officer in the present case, served as a deputy of the Secretary of State.

The Department is required to maintain certified abstracts of all violations of the State's motor vehicle laws. 29 M.R.S.A. § 2304 (Supp.1981).[6] In the present case, the presiding officer received, under certification from the Secretary of State, the abstracts of petitioner's convictions that formed the basis of the Secretary's suspension action. The officer was authorized to take official notice of the abstracts. "At the hearing the Secretary of State or his deputy may take official notice of the transcript or abstracts." *Id.* at § 2294(3). This the hearing officer did by reading the contents of the abstracts into the administrative record, by designating the abstracts as hearing exhibits and by considering the abstracts in reaching a decision on petitioner's habitual offender status.

In sum, the officer conducted the hearing in a manner consistent with the requirements of the Maine Administrative Procedure Act. The officer merely considered as evidence abstracts of petitioner's convictions as maintained by the Secretary of State, of which she was authorized to take official notice. Any attempt to equate this conduct with "prosecution" has no basis in law or fact.

Similarly, the presiding officer engaged in no "investigation" of petitioner's driving history. Because the State is required to maintain abstracts of all motor vehicle-related convictions in Maine, petitioner's driving record on its face, not the investigative efforts of the hearing officer, triggered the administrative action against him. Petitioner cannot claim that the hearing officer assumed an improper investigatory role under the facts of this case.

■ We conclude that the hearing procedure followed in petitioner's administrative hearing did not violate the fundamentals of fair play required in such proceedings. We also find no merit to petitioner's claim that the evidence, properly admitted at the hearing, is insufficient to support the hearing officer's decision that petitioner is the same person who was convicted of the offenses stated in the abstracts and that the convictions bring him within the definition of an habitual offender.

The entry must be:

Judgment affirmed.

All concurring.

---

S.A. § 8002(1) (1979). An "adjudicatory proceeding" is "any proceeding before an agency in which the legal rights, duties or privileges of specific persons are required by constitutional law or statute to be determined after an opportunity for hearing." *Id.* Under 29 M.R.S.A. § 2241(3) (Supp.1981), a person is entitled to a hearing on a license suspension resulting from a preliminary determination of habitual offender status pursuant to 29 M.R.S.A. § 2293 (Supp.1981). As such, petitioner's administrative hearing was governed by the procedures provided in the Maine Administrative Procedure Act.

**6.** Section 2304 provides in pertinent part:

Every court in every case wherein a person is convicted of or adjudicated to have committed the violation of any statute or appeals from any conviction or adjudication relative to motor vehicles or to the operation of any vehicle shall forthwith transmit to the Secretary of State an abstract, duly certified, setting forth therein the names of the parties, the nature of the offense, the date of the offense, the date of hearing, the plea, the judgment and the result; ... and they shall be open to public inspection during reasonable hours....